UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

MAYKOL POZO and
MICHAEL BUTLER, individually,
and on behalf of all others similarly situated,

Plaintiffs,

vs.

2:17-CV-170-FtM-99MRM

DIRECT HEATING & COOLING, INC., a
Florida Profit Corporation; and
MITZIE FOX-LERNER, individually.

Defendants,

_____/

## COMPLAINT

Plaintiffs, MAYKOL POZO and MICHAEL BUTLER, by and through their undersigned counsel, file this Complaint against the Defendants, DIRECT HEATING AND COOLING, INC., and MITZIE FOX-LERNER, individually, collectively "Defendants", and hereby sets forth this collective action for violation of the Fair Labor Standards Act under 29 U.S.C. § 216(b) and states as follows:

### Introduction

1. This is an action brought pursuant to the Fair Labor Standards Act, as amended, (29 U.S.C. §201 et seq., hereinafter called the "FLSA") to recover unpaid overtime compensation, liquidated damages, and reasonable attorney's fees and costs.

### Jurisdiction and Venue

2. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §216(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to the claims alleged herein occurred in Lee County, Florida.

## Parties

4. Plaintiff, MAYKOL POZO, was and is a citizen of the State of Florida, domiciled in Lee County, Florida and was employed by the Defendants. Specifically, Plaintiff performed heating and cooling maintenance work as a technician for the Defendants.

5. Plaintiff, MICHAEL BUTLER, was and is a citizen of the State of Florida, domiciled in Lee County, Florida and was employed by the Defendants. Specifically, Plaintiff performed heating and cooling maintenance work as a technician for the Defendants.

6. At all times material hereto Defendant DIRECT HEATING & COOLING, INC. was and is a Florida Profit Corporation, and is engaged in business in Lee County, Florida.

7. At all times material hereto Defendant MITZIE FOX-LERNER is a resident of Lee County, Florida.

8. At all times material, MITZIE FOX-LERNER was an individual who owned and/or operated and/or managed DIRECT HEATING & COOLING, INC. and who regularly exercised the authority to (1) hire and fire employees (2) determine work schedules for employees, and (3) control the finances and operations of DIRECT HEATING & COOLING, INC.

9. By virtue of MITZIE FOX-LERNER having held and exercised the authority to (1) hire and fire employees (2) determine work schedules for employees, and (3) control the finances and operations of DIRECT HEATING & COOLING, INC., MITZIE FOX-LERNER is an employer as defined by 29 U.S.C. §201 et seq.

10. Plaintiff MAYKOL POZO was engaged in commerce within the meaning of §6 and §7 of the FLSA.

11. Plaintiff MICHAEL POZO was engaged in commerce within the meaning of §6 and §7 of the FLSA.

12. MAYKOL POZO was an employee of the Defendants within the meaning of the FLSA.

13. MICHAEL BUTLER was an employee of the Defendants within the meaning of the FLSA.

14. Defendants were Plaintiffs' employers within the meaning of the FLSA at all times material to this action.

15. At all times material hereto, Defendant, DIRECT HEATING & COOLING, INC., was and continues to be Florida a corporation engaged in business in Florida with the annual gross revenue of the Defendant business enterprises is in excess of five hundred thousand dollars ($500,000.00) per annum during the three years preceding the filing of this Complaint.

16. At all times material, Defendants were authorized to do business in the State of Florida.

17. At all times material hereto, Defendant had two or more employees handling, selling, or otherwise working on goods or materials that had been moved in or procured for commerce such as: vehicles, power tools, and other heating and cooling service equipment manufactured out of state or overseas.

18. At all times material and relevant to this action, the work performed by the Plaintiffs was directly essential to the business performed by the Defendants.

**General Allegations**

19. This action is to include each and every employee who worked for the Defendant at any time in the past three years.

20. From approximately April 2015 to January 2017 Defendants hired Plaintiff MAYKOL POZO as an employee to perform work on customer's heating and cooling units.

21. From approximately March 2014 to September 2015 and June 2016 to January 2017, Defendants hired Plaintiff MICHAEL BUTLER as an employee to perform work on customer's heating and cooling units.

22. Plaintiffs' job duties included, but were not limited to, attending appointments at customer's homes to service, install, repair units at scheduled appointments that were set forth by the Defendants.

23. Throughout Plaintiffs' employment, they were required to do "off the clock" work, which consisted of returning the person who was helping them (hereinafter "helper") to the location of their vehicle without compensation.

24. In all, or nearly all, of his weeks of employment with the Defendants, MAYKOL POZO worked in excess of forty (40) hours in a work week.

25. In all, or nearly all, of his weeks of employment with the Defendants, MICHAEL BUTLER worked in excess of forty (40) hours in a work week.

26. From the beginning of MAYKOL POZO'S employment to present, Defendants failed to compensate MAYKOL POZO at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per work week.

27. From the beginning of MICHAEL BUTLER'S employment to present, Defendants failed to compensate MICHAEL BUTLER at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per work week.

28. Specifically, the practice in place was that the Defendants insisted on having Plaintiffs work off the clock with no additional amounts as to an overtime premium, which led to a failure to pay overtime.

29. Plaintiffs, and all others who are similarly situated, should be compensated at the rate of one and one-half times the rate of regular pay for all hours worked in excess of forty (40) hours per work week, as required by the FLSA.

30. The majority of Plaintiffs' pay and time records are in the Defendants' possession.

31. The additional persons who may become plaintiffs in this action also worked for the Defendants as flat, daily rated employees, who worked under the same conditions, and pursuant to the policies, practices, and procedures applicable to Plaintiffs, were denied proper overtime compensation for overtime hours due to these policies, practices, and procedures.

32. Plaintiffs are personally aware of other similarly situated employees who have been subjected to the above described policy.

33. Defendants have violated 29 U.S.C. § 207 from at least June 2013 to present in that:

   a. Plaintiffs, and those similarly situated, worked in excess of forty (40) hours in one work week for the period in which they were employed with the Defendants;

   b. No payments or provisions for payment have been made by the Defendants to properly compensate MAYKOL POZO and MICHAEL BUTLER, and those similarly situated at the statutory rate of one and one-half times the regular rate for all hours worked in excess of forty (40) per work week as provided by the FLSA due to the above described policies and practices, and

c. Defendants have failed to maintain proper time records as mandated by the FLSA.

34. Upon information and belief, Defendants' failure and/or refusal to properly compensate the Plaintiffs and those similarly situated, as the rates required by the FLSA was willful.

35. Defendants failed and/or refused to properly disclose or apprise Plaintiffs of their rights under the FLSA.

36. Plaintiffs have retained the firm of VILES & BECKMAN, LLC to represent Plaintiffs in the litigation and have agreed to pay the firm a reasonable fee for its services.

## COUNT 1: RECOVERY OF OVERTIME COMPENSATION

37. Plaintiff re-alleges paragraphs 1-36 above as though fully set forth herein.

38. From the beginning of their employment, Plaintiffs worked in excess of forty (40) hours in one or more work weeks for which the Plaintiffs were not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

39. Plaintiffs were, and are, entitled to be paid at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for those hours worked in excess of forty (40) hours in a work week.

40. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate the Plaintiffs, and those similarly situated, at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per work week when they knew, or should have known, same was and is due.

41. Defendants failed to properly disclose or apprise Plaintiffs of Plaintiffs' rights under the FLSA.

42. Due to the intentional, willful, and unlawful acts of the Defendants, Plaintiffs and those similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

43. Based upon information and belief, the employees and former employees of Defendants similarly situated to the Plaintiff were not paid proper overtime for hours worked in excess of forty (40) hours in one or more work weeks because Defendants have failed to properly pay Plaintiffs proper overtime wages at time and one-half of the lawful regular rate of pay for such hours, pursuant to a policy, plan, or decision equally applicable to similarly situated employees.

44. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 27 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs, MAYKOL POZO and MICHAEL BUTLER on behalf of himself and all others similarly situated, pray for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to U.S.C. §216(b);

b. Designation of Plaintiffs, as Representative Plaintiffs of the putative members of the FLSA representative action;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §201, et seq.;

d. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e. An award of damages for overtime compensation due for the Plaintiffs and the putative members of the class, including liquidated damages, to be paid by Defendants;

f. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

g. Pre-Judgment and Post-Judgment interest, as provided by law; and

h. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs do hereby demand a Jury Trial and all issues and claims so triable.

Respectfully submitted this 27th day of March, 2017.

**VILES & BECKMAN, LLC**
Attorneys for the Plaintiffs
6350 Presidential Court, Suite A
Fort Myers, Florida 33919
Telephone: 239-334-3933
Facsimile: 239-334-7105
Email: Maria@vilesandbeckman.com
Secondary: AOsborne@vilesandbeckman.com

By: _____
Maria R. Alaimo Esquire
Florida Bar Number: 103870