UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAYKOL POZO and MICHAEL
BUTLER, individually, and on behalf of all
others similarly situated

      Plaintiffs,

v.                                                        Case No:   2:17-cv-170-FtM-99MRM

DIRECT HEATING & COOLING, INC.
and MITZIE FOX-LERNER,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

Pending before the Court is the Joint Motion to Approve Settlement and Dismiss with Prejudice (Doc. 19) and Settlement Agreement and Mutual Release (Doc. 19-1) filed on July 11, 2017.  The parties request that this Court approve their settlement of the Fair Labor Standards Act ("FLSA") claims in this case.  After review of the parties' submissions, however, the Undersigned cannot recommend approval of the proposed Settlement Agreement as it currently stands.

To approve the settlement of an FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216.  There are two ways for a claim under the FLSA to be settled or compromised.  *Id.* at 1352-53.  The first way, under 29 U.S.C. § 216(c), provides for the Secretary of Labor to supervise payments of unpaid wages owed to employees.  *Id.* at 1353.  The second way, under 29 U.S.C. § 216(b), is by a lawsuit brought by employees against their employer to recover back wages.  *Id.*  When employees file suit, the proposed settlement must be

presented to the District Court for its review and determination that the settlement is fair and reasonable.  *Id.* at 1353-54.

Here, there are three issues that preclude a finding of fairness and reasonableness:  (1) the parties failed to disclose which portions of the settlement amount are attributable to unpaid wages and liquidated damages; (2) the Settlement Agreement does not state the amount of attorneys' fees or whether they were agreed upon separately and without regard to the amount paid to the Plaintiffs; and (3) the presence of a general reciprocal release.  (*See* Doc. 19-1).  The Undersigned evaluates these issues in turn below.

**I.      Settlement Amount**

In addressing the settlement amount, the Undersigned notes that, pursuant to 29 U.S.C. § 216(b), "[a]ny employer who violated the provisions of . . . section 207 of this title *shall* be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages."  (emphasis added).  A court may – in its discretion – reduce or deny liquidated damages if the employer shows to the satisfaction of the court that the act or omission of failing to pay appropriate wages was in good faith and that the employer had a good faith belief that the act or omission was not in violation of the FLSA. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1282 (11th Cir. 2008).  Thus, when a settlement occurs in an FLSA case, the Court must review for reasonableness and fairness for the amount of unpaid wages paid *and* the amount of liquidated damages paid, if any.

Upon review here, the Undersigned finds that the manner in which the Settlement Agreement describes the settlement amount precludes approval.  Specifically, the Settlement Agreement fails to specify which portion of the settlement proceeds is attributable to unpaid wages and which portion is attributable to liquidated damages.  As to Plaintiff Maykol Pozo, the

Settlement Agreement provides that "Defendants have agreed to pay Pozo, and Pozo has agreed to accept, $2,750.00 in full resolution of the allegations asserted by Pozo in the FLSA Litigation, inclusive of attorney's fees and costs." (Doc. 19-1 at 1). As to Plaintiff Michael Butler, the Settlement Agreement provides that "Defendants have agreed to pay Butler, and Butler has agreed to accept, $2,750.00 in full resolution of the allegations asserted by Butler in the FLSA Litigation, inclusive of attorney's fees and costs." (*Id.* at 5). There is no breakdown of the amounts attributable to unpaid wages or liquidated damages. Accordingly, because the Settlement Agreement fails to specify the amount of settlement proceeds attributable to each unpaid wages and liquidated damages, the Undersigned finds that the Court cannot adequately review the Agreement for fairness and reasonableness.

## II.     Attorneys' Fees

In addition to the issue regarding the settlement amount, there are issues related to attorneys' fees. On this point, as explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, Judge Presnell concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will

3

>approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Id*.

In sum, when reviewing a proposed settlement, the Court must consider the amount of fees to be paid to Plaintiffs' counsel from the settlement proceeds and also whether the fees were agreed upon separately and without regard to the amount paid to the Plaintiffs. *See id.* Here, however, the parties' Settlement Agreement does not state the specific the amount of fees to be paid to Plaintiffs' counsel from the settlement proceeds, nor does it state whether the fees were agreed upon separately and without regard to the amount paid to the Plaintiffs. (*See* Doc. 19-1 at 1, 5). Instead, the Motion and Settlement Agreement indicate that the parties will bear their own attorneys' fees and costs. (Doc. 19 at 4; *see also* Doc. 19-1 at 1, 5). These statements are insufficient for determining whether the amount of attorneys' fees is reasonable and whether Plaintiffs' recovery was adversely affected by the amount of fees paid to Plaintiffs' counsel. *See Bonetti*, 715 F. Supp. 2d at 1228. Because the parties' Settlement Agreement is deficient as to the issue of attorneys' fees, the Undersigned cannot recommend its approval on this basis. *See id.*

## III.    General Release

The final issue with the Settlement Agreement is the presence of general reciprocal releases. (*See* Doc. 19-1 at 2, 6). Here, the parties agree to release all prospective claims against each other. (*See id.*).

On this point, this Court has noted that "[t]he reciprocal, general release is incontestably a staple of accepted and common litigation practice." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1348 (M.D. Fla. 2010). Nevertheless, this Court has also noted that FLSA actions are different. *Id.* "Settlement of an action under the FLSA stands distinctly outside the practice

4

common to, and accepted in, other civil actions. As commanded in *Lynn's Food*, settlement of an FLSA action requires review and approval by the district court or the Department of Labor." *Id.* Under *Lynn's Food*, the Court must review the proposed consideration as to each term and condition of the settlement, including foregone or released claims. *Shearer v. Estep Const., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015).

In reviewing general releases for fairness, however, this Court has previously stated that the valuation of foregone claims is a "fundamental impediment" to a fairness determination. *Shearer*, 2015 WL 2402450, at *3. Specifically, the Court has noted it typically "cannot determine, within any reasonable degree of certainty, the expected value of such claims." *Id.* Thus, the task of determining adequate consideration for forgone claims is "difficult if not impossible." *Id.* (citation omitted). Furthermore, even if there is a mutuality of a general release, this does not resolve the issue because a reciprocal release is "equally as indeterminate as Plaintiff's release." *Shearer*, 2015 WL 2402450, at *4.

Additionally, this Court has noted that general releases in FLSA cases are often unfair to plaintiffs. *See Moreno*, 729 F. Supp. 2d at 1351. Specifically, the Court has noted that "[a]lthough inconsequential in the typical civil case (for which settlement requires no judicial review), an employer is not entitled to use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA." *Id.* In fact, the Court has previously stated that "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." *Id.* at 1352.

Turning to the parties' Settlement Agreement in this action, the Undersigned finds that the presence of the general releases prevents a fairness determination. Specifically, based on the information submitted by the parties, the Undersigned cannot determine, within any reasonable

degree of certainty, the expected value of any foregone claims. *See Shearer*, 2015 WL 2402450, at *3. Because it is difficult, if not impossible to determine the value of the parties' foregone claims, the Undersigned cannot determine whether the general releases are fair and reasonable under the circumstances. Thus, in its current form, the Undersigned cannot recommend approval of the parties' Settlement Agreement.

## IV.    Conclusion

For the foregoing reasons, the Undersigned cannot make the requisite determination under *Lynn's Food* as to the fairness and reasonableness of the proposed Settlement Agreement.

Accordingly, it is **RESPECTFULLY RECOMMENDED** that:

1) The Joint Motion to Approve Settlement and Dismiss with Prejudice (Doc. 19) be **DENIED** without prejudice; and

2) The parties be ordered to elect one of the following options **no later than September 8, 2017**:[1]

   a) File a joint motion to approve a settlement agreement that comports with *Lynn's Food Store*; or

   b) File a Case Management Report so this case may proceed.

---

[1] This proposed deadline takes into account (1) the possibility that one or both parties may file objections to this Report and Recommendation and (2) a reasonable period of time for the presiding District Judge to resolve any objections.

6

Respectfully recommended in Chambers in Fort Myers, Florida on July 18, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties