UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAYKOL POZO and MICHAEL
BUTLER, individually, and on behalf of all
others similarly situated

    Plaintiffs,

v.                                                  Case No:   2:17-cv-170-FtM-99MRM

DIRECT HEATING & COOLING, INC.
and MITZIE FOX-LERNER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is the Joint Motion to Approve Settlement and Dismiss with Prejudice (Doc. 22); Settlement Agreement and Mutual Release as to Maykol Pozo (Doc. 22-1); and Settlement Agreement and Mutual Release as to Michael Butler (Doc. 22-2) filed on August 17, 2017. Plaintiffs and Defendants jointly request that the Court approve the parties' settlement of their Fair Labor Standards Act ("FLSA") issues. After review of the parties' submission, however, the Court cannot recommend that the Settlement Agreements (Doc. 22-1; Doc. 22-2) be approved in their current form.

To approve the settlement of an FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first, under 29 U.S.C. § 216(c), provides for the Secretary of Labor to supervise payments of unpaid wages owed to employees. *Id*. at 1353. The second way, under 29 U.S.C. § 216(b), is by a lawsuit brought by employees against their employer to recover

back wages. *Id*. When employees file suit, the proposed settlement must be presented to the District Court for its review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit:

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

In this case, the Court previously denied without prejudice the Joint Motion to Approve Settlement and Dismiss with Prejudice (Doc. 19) due to the presence of a waiver and general release without evidence of any additional consideration, and the failure of the parties to include or discuss liquidated damages and attorneys' fees. (Doc. 21 at 2). The parties undertook efforts to correct these deficiencies. (*See* Doc. 22-1; Doc. 22-2). Unfortunately, deficiencies still remain.

Specifically, the current Settlement Agreements once again include general releases. (*See* Doc. 22-1 at 2; Doc. 22-2 at 2). Unlike the previous versions submitted to the Court, the current Settlement Agreements do not expressly include a section entitled "General Releases." (*Compare* Doc. 19-1, *with* Doc. 22-1 at 2, *and* Doc. 22-2 at 2). Nonetheless, they contain the following problematic language:

> 4. [Plaintiff] agrees and stipulates that he has *no other claims*, debts, obligations, promises, agreements, liabilities, damages, costs, attorneys' fees, expenses, wages,

> employee benefits, overtime pay, back pay, front pay, severance pay, bonus pay, personal injuries, compensatory damages, liquidated damages, punitive damages, *or other compensation, suits, appeals, actions and causes of action, of whatever kind or character, arising out of [sic] relating to his employment with Employer*.
>
> 5. Each party hereto understands that this is *a complete and final release* and that no more money is to be paid or other consideration given on account of *any claim that has accrued against the other party* as of the effective date of this Agreement, and that the consideration stated herein is contractual and not a mere recital.

(Doc. 22-1 at 2; Doc. 22-2 at 2 (emphasis added)). These provisions clearly contemplate a broad release of all other potential claims of any type that arise out of or relate to the Plaintiffs' employment with Defendants and of any claim that has accrued against the other party. (*See id.*). The releases are clearly not limited to Plaintiffs' current FLSA claims for unpaid wages. (*See id.*). Thus, these provisions appear to give rise to the same concerns as the general releases that the Court previously rejected. (*See id.*).

On this point, this Court has previously noted that "[t]he reciprocal, general release is incontestably a staple of accepted and common litigation practice." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1348 (M.D. Fla. 2010). Nevertheless, this Court has also noted that FLSA actions are different. *Id.* "Settlement of an action under the FLSA stands distinctly outside the practice common to, and accepted in, other civil actions. As commanded in *Lynn's Food*, settlement of an FLSA action requires review and approval by the district court or the Department of Labor." *Id.* Under *Lynn's Food*, the Court must review the proposed consideration as to each term and condition of the settlement, including foregone or released claims. *Shearer v. Estep Const., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015).

The valuation of foregone claims is a "fundamental impediment" to a fairness determination. *Shearer*, 2015 WL 2402450, at *3. Specifically, the Court typically "cannot

3

determine, within any reasonable degree of certainty, the expected value of such claims." *Id.* Thus, the task of determining adequate consideration for forgone claims is "difficult if not impossible." *Id.* (citation omitted). Furthermore, even if there is a mutuality of a general release, this does not resolve the issue because a reciprocal release is "equally as indeterminate as Plaintiff's release." *Shearer*, 2015 WL 2402450, at *4.

Additionally, this Court has found that general releases in FLSA cases are often unfair to plaintiffs. *See Moreno*, 729 F. Supp. 2d at 1351. Specifically, "[a]lthough inconsequential in the typical civil case (for which settlement requires no judicial review), an employer is not entitled to use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA." *Id.* The Court has found that "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." *Id.* at 1352.

The Undersigned finds that the two provisions referenced above preclude a finding of fairness and reasonableness. (*See* Doc. 22-1 at 2; Doc. 22-2 at 2). The Settlement Agreements do not explain what consideration, if any, was given to Plaintiffs to forego any claim that has accrued against the Defendants. (*See id.*). As stated above, the Defendants are not entitled to use an FLSA claim to leverage a release from liability unconnected to the FLSA. *See Moreno*, 729 F. Supp. 2d at 1351. To approve the settlement, as proposed, would confer upon the Defendants an "uncompensated, unevaluated, and unfair benefit." *See id.* at 1352.

Based on the information submitted by the parties, the Undersigned cannot determine, within any reasonable degree of certainty, the expected value of any foregone claims. *See Shearer*, 2015 WL 2402450, at *3. Because it is difficult, if not impossible to determine the value of the parties' foregone claims, the Undersigned cannot determine whether the two

provisions discussed above are fair and reasonable under the circumstances. Thus, the Undersigned cannot recommend approval of the parties' Settlement Agreements in their current form.

For the foregoing reasons, the Court cannot make the requisite determination under *Lynn's Food* as to the fairness and reasonableness of the proposed Settlement Agreements.

Accordingly, it is **RESPECTFULLY RECOMMENDED** that:

1) The Joint Motion to Approve Settlement and Dismiss with Prejudice (Doc. 22) be **DENIED** without prejudice; and

2) The parties be ordered to elect one of the following options **no later than November 27, 2017**:[1]

    a. File a joint motion to approve a settlement agreement that comports with *Lynn's Food Store*; or

    b. File a Case Management Report so this case may proceed.

Respectfully recommended in Chambers in Fort Myers, Florida on October 10, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

---

[1] This proposed deadline takes into account (1) the possibility that one or both parties may file objections to this Report and Recommendation and (2) a reasonable period of time for the presiding District Judge to resolve any objections.

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties